**In the Matter of Roseann P. IVANOVICH.**

No. 45S00–0608–DI–291.

Supreme Court of Indiana.

Oct. 25, 2006.

---

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts, violations and discipline as summarized below:

**Facts:** The respondent was admitted to practice law on June 18, 2001 but did not establish a trust account until November 20, 2002 when she opened a pooled-fund trust account. From November 20, 2002 until at least May 2004, the respondent committed numerous violations involving her trust account. Those violations included: failure to maintain a dedicated ledger of transactions and balances; failure to provide a proper accounting of clients' funds deposited into, and disbursed from, the account; commingling of earned fees with client funds, and not promptly disbursing them into another account; writing trust account checks for her office overhead expenses; writing checks made payable to cash; writing checks made payable to herself; writing a check when there was insufficient funds to cover the check written; depositing her own monies in the client trust account and making a notation that it was a loan; writing a check from her trust account for her personal credit card debt; writing a trust account check for her personal car payment; writing a trust account check for a continuing legal education course; and, inappropriately depositing monies into her trust account when such funds were for the payment of earned fees.

**Violations:** Ind. Prof.Cond.Rule: 1.15(a), failure to hold client funds separate from her property thereby commingling those funds improperly in the same account; Ind. Admission and Discipline Rules: 23 § 29(a)(2), failure to maintain trust account records that clearly reflect the date, amount, source, and explanation of receipts and withdrawals from the account; 23 § 29(a)(3), failure to maintain a ledger of transactions for the account; 23 § 29(a)(4), commingling obligated funds in the trust account with those in which the respondent had an interest; 23 § 29(a)(5), writing checks to herself without designating the purpose for the withdrawal or the matter to which the withdrawal was attributable; and, 23 § 29(a)(5), writing checks

to cash without designating the purpose for the withdrawal or the matter to which the withdrawal was attributable.

**Discipline:** We have considered and now approve the proposed discipline that Respondent and the Commission have submitted to this Court.

Therefore, effective November 1, 2006, the respondent, Roseann P. Ivanovich, is suspended from the practice of law for a period of ninety (90) days, all stayed, and the respondent is placed on probation for eighteen (18) months, subject to the following terms and conditions:

1. The respondent must maintain her trust account consistent with the practices and procedures set forth in the document entitled: "Trust Account Management: Handling Client and Third–Party Funds," available on-line at: *http://www.in.gov/judiciary/ discipline/docs/trustguide.pdf.*

2. The respondent must procure the services of a CPA, approved by the Commission, to create periodic reports on each trust account held by the respondent as part of her law practice.

3. The CPA reports must meet the following criteria:

   a. The original of each report shall be provided to the Indiana Supreme Court Disciplinary Commission with a copy to her attorney.

   b. The reports are due on or before the first day of the month on the fourth, seventh, tenth, thirteenth and sixteenth months following the date of this Order. A final report on the respondent's trust account is due no later than two weeks prior to the end of her probationary period.

   c. The reports shall evaluate the respondent's trust account management practices and procedures against the standards for trust account management set forth in the document listed above.

4. The CPA must agree to report any negative information about the respondent's handling of funds to the Disciplinary Commission during the respondent's period of probation.

5. If the respondent materially violates the terms and conditions of probation, the Disciplinary Commission shall move to revoke respondent's probation under Admis. Disc. R. 23(17.2). In the event her probation is revoked, the respondent's law license will be suspended for a period of ninety (90) days, after which, in order to have her law license reinstated, she will be required to seek reinstatement pursuant to the provisions of Admis. Disc. Rules §§ 4 and 18.

Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and her attorney; to the Indiana Supreme Court Disciplinary Commission; and, to all other entities as provided in Admis.Disc.R. § 23(3)(d).

All Justices concur.